## Case No. 17,325.

### WEBB v. SACHS.

[4 Sawy. 158;[1] 15 N. B. R. 168; 9 Chi. Leg. News, 156.]

District Court, D. Oregon. Jan. 8, 1877.[2]

BANKRUPTCY—PROOF IN ACTION TO RECOVER PREFERENCE—TRADER—WHEN INSOLVENT—CONFESSION OF JUDGMENT—PRESUMPTION—REASONABLE CAUSE—FRAUD—COURSE OF BUSINESS.

1. What an assignee must prove to recover under section 35 of the bankrupt act [of 1867 (14 Stat. 534)], against a party who has received a preference.

2. A trader is insolvent who is unable to pay all his debts in money as they become due in

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]
2 [Affirmed by circuit court; case unreported.]

the ordinary course of business, without reference to the value of his property.

[Cited in Anshutz v. Hoerr. 1 Fed. 593; Harris v. Bank, 15 Fed. 788.]

3. A confession of judgment followed by a seizure of the debtor's property upon execution, if made by an insolvent with a view to prefer the creditor, is an unlawful preference.

[Cited in brief in Sartwell v. North (Mass.) 10 N. E. 825.]

4. If an insolvent debtor does an act which operates as a preference. he is presumed to have intended such result, until the contrary appears.

5. A creditor has reasonable cause to believe his debtor insolvent when he has knowledge of such facts and circumstances as are calculated to put a prudent man upon inquiry.

[Cited in Metcalf v. Officer, 2 Fed. 643.]

6. A fraud upon the bankrupt act is not necessarily what is popularly known as a fraudulent act, but one by which its provisions are evaded or avoided.

[Cited in brief in Fairbanks v. Bank, 38 Fed. 634.]

7. A disposition of property by an insolvent debtor not made in the usual and ordinary course of business, is evidence of fraud until the contrary appears.

[Cited in Re Seeley, Case No. 12.628.]

8. If a creditor has reasonable cause to believe his debtor insolvent when he takes a preference from him, it is immaterial what he thinks or knows about the latter's intentions in giving such preference.

[Cited in Re Hauck, Case No. 6.219.]

Action for money had and received to the use of the plaintiff [G. A. Webb] under section 35 of the bankrupt act—section 5128 of the Revised Statutes.

The plaintiff, as assignee of A. W. Sturgis, a trader in Jackson county, who was adjudged a bankrupt on the petition of certain of his creditors on May 5, 1876, brought an action against the defendants [I. and S. Sachs], merchants at Jacksonville, under section 35 of the bankrupt act. to recover $2,248.79 alleged to have been received by them as a preference contrary to said act.

On the trial, it appeared that on March 6, 1876, and for some years before, Sturgis kept a store on Applegate creek, where he sold goods to miners; and that he also possessed a farm, a mining-ditch, and some mining ground in the vicinity; that on December 9, 1875, Sturgis gave the defendants his promissory note for the sum of $1.826.93, payable one day after date, with interest at one per centum per month, in settlement of a debt that was due the defendants for several years before that time; that on March 6, 1876, said Sturgis confessed judgments in two actions then pending in the circuit court for Jackson county against him for the sum of $1,773.67, and also afterward, and upon the same day, confessed judgment in favor of the defendants for the sum of $2,224.35 upon the note aforesaid; and that in a few days after this confession of judgment, the defendants examined the stock and accounts of Sturgis. and on March 14 issued execution upon said judgment. and seized the goods of Sturgis and sold them thereon for a few dollars more than their debt and costs.

The evidence also tended to show that at the date of the confession of judgment to the defendants, Sturgis owed about $6,300; and that his property would not fetch at auction a sum equal to that amount; that the defendants were aware that Sturgis had other creditors, and of the value of his assets, and that the confession was made by him at the suggestion and solicitation of the defendants. with a view to get security for their debt, and after repeated demands for payment of the note.

John W. Whalley and F. W. Fechheimer, for plaintiff.

W. W. Thayer and Richard Williams, for defendants.

DEADY, District Judge (charging jury). To enable the plaintiff to recover in this action, he must prove to your satisfaction that on March 6, 1876, Sturgis was insolvent, and that being so insolvent, he procured his property to be seized by the defendants, with intent to prefer them over his other creditors; and that such defendants accepted such preference with reasonable cause to believe that Sturgis was then insolvent, and also knew that such seizure was made in fraud of the bankrupt act.

Upon the admitted facts of the case, it appearing that Sturgis was a trader, he was insolvent within the meaning of the act, as applicable to his case, if he was then unable to pay all his debts in money as they became due in the ordinary course of business, even if it appears probable that he might have been able to have paid them all in full, if time had been given him for that purpose.

A confession of judgment in this state by an insolvent debtor is an act which may result in giving a preference to the creditor obtaining or accepting such preference. because it authorizes such creditor to at once seize the property of the debtor, and thereby appropriate it in satisfaction of his debt to the exclusion of the other creditors; and if such confession is actually followed by an execution and seizure of the debtor's property, it is an unlawful preference within the meaning of the act, if made with a view to prefer such creditor.

If an insolvent debtor, knowing his insolvency, does an act, as confessing a judgment, which operates as a preference to one of his creditors. the law presumes that he did such act with an intention to give such preference, and the jury are to act upon that presumption, unless the evidence satisfies you to the contrary. If a debtor, with knowledge of his insolvency, does an act which operates as a preference to one of his creditors. he is presumed to have so intended, as that is the necessary consequence of his act; and the additional fact that such debtor was really moved to give such preference for any other or particular reason, such as to save costs. or satisfy the solicitations of an importunate creditor, or preserve his good will or keep up his business, does not affect such presumption; whatever the debtor's motive may be, if he was aware of his

condition, he is presumed to intend the necessary and natural consequences of his acts. A trader is presumed to know whether he is insolvent or not, and the burden of proof is upon those who claim the contrary to show it.

An assignee cannot recover from a preferred creditor the property or its value obtained by means of such preference, unless such creditor accepted such preference with a reasonable cause to believe his debtor then insolvent. This is the principal question in the case for your determination. Reasonable cause to believe, is knowledge of such facts and circumstances in regard to the matter in question as would put a prudent man upon inquiry; in this case it is knowledge of such facts and circumstances as suggest substantial doubts as to the solvency of the debtor, or excite reasonable suspicions as to his ability to pay his debts in money as they become due in the ordinary course of business. In considering this question, you are to consider all the circumstances of the case, and the conduct of the parties, and come to a conclusion, as reasonable men, accordingly.

Nor can the assignee recover in this action, even if the defendants took this preference with reason to believe their debtor insolvent, unless it also appears that they knew the confession of judgment was made in fraud of the bankrupt act. An act done in fraud of the bankrupt act is not necessarily what is known or considered as a fraudulent act, but only something contrary to such act, and the effect of which is to evade or avoid its provisions. Therefore a payment by an insolvent of one of his creditors in full, so far as such payment prevents an equal distribution of such insolvent's property among his creditors, is necessarily an evasion and avoidance of the act, and therefore a fraud upon it. If Sturgis, being insolvent, made this confession of judgment with a view to give the defendants a preference, the confession was necessarily a fraud upon the bankrupt act; and if the defendants accepted such preference with reasonable cause to believe Sturgis insolvent, the law presumes that they also accepted it with knowledge that it was made in fraud of the act, because such was the necessary legal effect or consequence of such preference. Every man is presumed to know the law—and therefore a creditor is presumed to know that a preference which he receives from his insolvent debtor contrary to the provisions of the bankrupt act, is made in fraud of it—that is, contrary to or in evasion of it.

It is claimed that this confession of judgment was a transaction not in the usual and ordinary course of Sturgis' business, and therefore that fact is evidence of fraud in the matter. The contrary of this has not been claimed by counsel for defendants. A confession of judgment which enables a creditor to seize the debtor's stock in trade and close out his business, seems incompatible with the idea that it was something done in the usual and ordinary course of such business. If, there-

fore, it shall appear to you that this act was not in the usual and ordinary course of the debtor's business, but without it, then the law declares that such fact is prima facie evidence of fraud—and of such fraud or illegality as vitiates this transaction and entitles the plaintiff to recover, unless the evidence satisfies you to the contrary.

It is claimed by counsel for defendants that before the plaintiff can recover, it must not only appear that Sturgis made this confession with a view to give them a preference, but that the defendants were aware of such intention or purpose on the part of Sturgis. But it is immaterial what the defendants thought or knew about Sturgis' intentions. If they had reasonable cause to believe that Sturgis was insolvent, and knew that this confession was made in fraud of the act, they knew enough to know that the act was contrary to law, and that they ought not to have accepted such preference. Nevertheless, that this confession was made by Sturgis with intent to give the defendants a preference is a part of the plaintiff's case, and must be made out by him before he can recover. But, as I have said, if Sturgis was unable to pay all his creditors in full as their debts became due, at the date of this confession, then, taken in conjunction with the subsequent seizure of his property under it, it necessarily operated as a preference, and therefore the law presumes that he intended it to have such an effect.

The jury found a verdict for the plaintiff for the sum claimed.

[Affirmed on error in the circuit court. Case unreported.]